Danielle H. Moore (SBN 232480)
E-Mail: dmoore@fisherphillips.com
Bret Martin (SBN 304658)
E-Mail: bmartin@fisherphillips.com
Jesse D. Borja (SBN 333872)
E-Mail: jdborja@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendants
BLIZZARD ENTERTAINMENT, INC. and
ACTIVISION BLIZZARD, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEROME BONOAN, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLIZZARD ENTERTAINMENT, INC., a Corporation; ACTIVISION BLIZZARD, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>*Removed from Alameda County Superior Court Case No. 25CV133520*<br><br>**DEFENDANTS BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION BLIZZARD, INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>State Complaint Filed: July 24, 2025 |

# TABLE OF CONTENTS

I. BACKGROUND .......... 1
II. REMOVAL IS TIMELY .......... 2
III. VENUE IS PROPER .......... 3
IV. JURISDICTION IS PROPER .......... 3
A. Minimal Diversity Exists .......... 4
B. Putative Class Contains More Than 100 Members .......... 5
C. Amount in Controversy Exceeds $5,000,000 .......... 6
V. SUPPLEMENTAL JURISDICTION .......... 12
VI. NOTICE OF REMOVAL .......... 13
VII. CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arreola v. Shamrock Foods Co.*,
No. 19-cv-04123, 2021 WL 4220630 (C.D. Cal. Sept. 16, 2021) ..................... 11

*Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*,
637 F.3d 827 (7th Cir. 2011) ..................... 7

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014) ..................... 7

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) ..................... 6, 11

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) ..................... 6

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) ..................... 4

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) ..................... 4

*Kroske v. U.S. Bank Corp.*,
432 F.3d 976 (9th Cir. 2005) ..................... 11

*LaCross v. Knight Transp. Inc.*,
775 F.3d 1200 (9th Cir. 2015) ..................... 7

*Lee v. BMW of N. Am., LLC*,
No. SACV1901722JVSADSX, 2019 WL 6838911 (C.D. Cal. Dec. 16, 2019) ..................... 4

*Paul, Johnson, Alston & Hunt v. Graulty*,
886 F.2d 268 (9th Cir. 1989) ..................... 11

*Polizzi v. Cowles Magazines, Inc.*,
345 U.S. 663 (1953) ..................... 3

*Rodriguez v. AT & T Mobility Servs. LLC*,
728 F.3d 975 (9th Cir. 2013) ..................... 6

*Sea-Land Serv., Inc. v. Lozen Int'l*,
285 F.3d 808 (9th Cir. 2002) .......... 12

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007) .......... 5

*Singh v. Am. Honda Fin. Corp.*,
925 F.3d 1053 (9th Cir. 2019) .......... 12

*Standard Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013) .......... 7

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994) .......... 4

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) .......... 12

**California Cases**

*Cortez v. Purolator Air Filtration Prod. Co.*,
23 Cal. 4th 163 (2000) .......... 8

**Federal Statutes**

28 U.S.C. 1441(a) .......... 5

28 U.S.C.
§ 1332 .......... 14
§ 1332(c) .......... 4
§ 1332(d)(2) .......... 6
§ 1332(d)(2)(A) .......... 4, 5
§ 1332(d)(5)(B) .......... 5
§ 1367(a) .......... 12
§ 1441 .......... 14
§ 1441(a) .......... 1, 3
§ 1441(b) .......... 1
§ 1441(c) .......... 12
§ 1446 .......... 1, 4, 13, 14
§ 1446(a) .......... 1
§ 1446(b) .......... 2
§ 1446(b)(1) .......... 2
§ 1446(d) .......... 13
§ 1453 .......... 4

**California Statutes**

California Business and Professions Code
§ 17200 .......... 7
§ 17208 .......... 8

California Code of Civil Procedure
§ 338(a) .......... 8

California Fair Employment and Housing Act .......... 2, 8, 12

California Labor Code
§ 203 .......... 10
§ 233 .......... 10
§ 233(c) .......... 10
§ 246 .......... 10

**TO PLAINTIFF JEROME BONOAN, THEIR COUNSEL OF RECORD, AND THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT:** Defendants BLIZZARD ENTERTAINMENT, INC. and ACTIVISION BLIZZARD, INC. (collectively referred to herein as "Defendants"), remove the above-captioned putative class action (the "Action") from the Alameda County Superior Court of the State of California to the United States District Court for the Northern District of California. This removal is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. section 1332(d) and 1441(a) and (b) and is timely under 28 U.S.C. section 1446. This Court has jurisdiction over the claims asserted in this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d). This Notice and Petition for Removal is supported by the accompanying Declarations of Bret Martin and Stephen Marks, and supporting exhibits filed concurrently herewith.

## I. BACKGROUND

1. Plaintiff Jerome Bonoan ("Plaintiff") commenced this Action on July 24, 2025, by the filing of a Complaint ("Complaint") in the Superior Court of the State of California, County of Alameda, captioned as *JEROME BONOAN, on behalf of himself, and on behalf of all persons similarly situated, v. BLIZZARD ENTERTAINMENT, INC., a Corporation; ACTIVISION BLIZZARD, INC., a Corporation; and DOES 1 through 50, Inclusive*, Case No. 25CV133520 (the "Complaint"). Declaration of Bret Martin ("Martin Decl.") ¶ 2. Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of the Complaint is attached to this Notice as **Exhibit A**. The allegations of the Complaint in the Action are incorporated by reference in this Notice and Petition for Removal without admission of or agreement to the truth of any of them.[1]

[1] The Complaint, Summons (**Exhibit A**), Civil Case Cover Sheet (**Exhibit A**), Notice of Case Management Conference (**Exhibit A**), Proofs of Personal Service (**Exhibits B and C**), the August 28, 2025 Minute Order (Complex Determination Hearing) (**Exhibit D**), the August 28, 2025 Order

2. The Complaint asserts eleven causes of action against Defendants. The first nine causes of action are class-wide causes of action stemming from the employment of Plaintiff and putative class members. The tenth and eleventh causes of action are individual causes of action stemming from the employment of Plaintiff. Specifically, the Complaint alleges causes of action for: (1) Unfair Competition; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime Wages; (4) Failure to Provide Required Meal Periods; (5) Failure to Provide Required Rest Periods; (6) Failure to Provide Accurate Itemized Statements; (7) Failure to Reimburse Employees for Required Expenses; (8) Failure to Provide Wages When Due; (9) Failure to Pay Sick Pay Wages; (10) Discrimination and Retaliation in violation of the Fair Employment and Housing Act ("FEHA"); and (11) Wrongful Termination in Violation of Public Policy.

3. Defendants do not make or intend to make any admission of fact, law, liability, or damages in this Notice of Removal. Defendants reserve all defenses, affirmative defenses, objections, and motions. Defendants also do not waive, and expressly reserve, all rights to challenge the propriety of certification under the applicable rules. Defendants will, on the same date as filing this Notice, file an answer and defenses or affirmative defenses in the underlying state court action, which includes a general denial of Plaintiff's allegations. Martin Decl. ¶ 4.

## II. <u>REMOVAL IS TIMELY</u>

4. This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b), because it is filed and served within thirty days of Defendants' receipt of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

---

re: Complex Determination (**Exhibit E**), and Defendants' Answer and Defenses or Affirmative Defenses) (**Exhibit F**) are the only pleadings, process, or orders that have been served on Defendants in this action, or that Defendants are aware of having been filed in this action. Martin Decl. ¶ 4.

for relief upon which such action or proceeding is based . . . ."). Plaintiff personally served his Complaint on Defendants on August 14, 2025. Martin Decl. ¶ 3. True and correct copies of Plaintiff's proofs of personal service of summons on Defendants are attached to this Notice as **Exhibits B and C**.

## III. VENUE IS PROPER

5. Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Northern District of California) embraces the Alameda County Superior Court, which is where Plaintiff's Complaint was originally filed and where the Action is currently pending. Accordingly, this Court is the appropriate federal district court to which to remove this action.

6. Divisional Assignment: Pursuant to Civil Local Rule 3-2(c), (d), 3-5(b), this Action is properly assigned to either the San Francisco or Oakland Division of this Court. Plaintiff alleges that he resided and worked for Defendants in Alameda County and that the alleged wrongful conduct occurred there. *See* Compl. ¶¶ 116, 123. Under Civil Local Rule 3-2(d), all civil actions that arise in Alameda County are assigned to either the San Francisco Division or the Oakland Division.

## IV. JURISDICTION IS PROPER

7. CAFA, 28 U.S.C. section 1332(d), gives this Court original jurisdiction over this Action. CAFA grants district courts jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such

actions pursuant to 28 U.S.C. section 1446. As set forth below, this case meets each of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**A. <u>Minimal Diversity Exists</u>**

8. CAFA requires only minimal diversity—that is, that any member of a class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. §§ 1332(d)(2)(A) and 1453. That standard is satisfied here because at least one member of Plaintiff's putative class is a citizen of a different state than Defendants.

9. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located).

10. For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Domicile requires both physical presence and intent to remain, and courts routinely treat residence as *prima facie* evidence of domicile and thus citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding that plaintiff's residence was sufficient *prima facie* evidence of citizenship absent evidence to the contrary).

11. At the time the Complaint was filed, Defendant Blizzard Entertainment, Inc. ("Blizzard") was incorporated in Delaware, with its principal place of business in Irvine, California. *See* Declaration of Stephen Marks ("Marks Decl.") ¶ 3. At the time of filing this Notice of Removal, Blizzard remains a Delaware corporation with its principal place of business in Irvine, California. *See id.*

12. At the time the Complaint was filed, Defendant Activision Blizzard, Inc. ("Activision") was incorporated in Delaware, with its principal place of business in

Santa Monica, California. *See* Marks Decl. ¶ 4. At the time of filing this Notice of Removal, Activision remains a Delaware corporation with its principal place of business in Santa Monica, California. *See id.*

13. A cursory review of Defendants' personnel records reflect that multiple non-exempt employees who fall within the putative class and worked in California during the class period, currently do not live in the state of California. Marks Decl. ¶ 7. For example, as of October 2022, one Blizzard employee transitioned to a "Work From Home" designation (i.e., a remote position) in Oregon. *Id.* The employee has since continued to perform her job duties from Oregon. *Id.* Based on this change in official work designation and continued employment from Oregon, Defendants allege on information and belief that this individual relocated her permanent residence to Oregon and is domiciled there. Defendants' personnel records also reflect non-exempt employees who fall within the putative class that are currently residing in and performing their job duties in the states of Nevada, Vermont, Texas, and other states. *Id.*

14. The citizenship of Doe defendants is immaterial for purposes of determining minimal diversity under CAFA. 28 § U.S.C. 1441(a); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021, fn. 4 (9th Cir. 2007).

15. Accordingly, because at least one putative class member is a citizen of a different state than Defendants, CAFA's requirement for minimal diversity is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**B. <u>Putative Class Contains More Than 100 Members</u>**

16. This Action has been styled as a class action. *See* Compl. ¶¶ 25-43.

17. CAFA requires the existence of at least 100 members in Plaintiff's proposed class. 28 U.S.C. § 1332(d)(5)(B).

18. Plaintiff's Complaint defines the putative "California Class" as "all individuals who are or previously were employed by Blizzard Entertainment, Inc.

and/or Activision Blizzard, Inc. in California, including any employees staffed with Blizzard Entertainment, Inc. and/or Activision Blizzard, Inc. by a third party, and classified as non-exempt employees" during the four years preceding the filing of the Complaint through the present date. Compl. ¶¶ 4, 25. As such, the putative class period would run from approximately July 24, 2021, through the present. By Plaintiff's own estimation, the California Class is "so numerous that the joinder of all such persons is impracticable." Compl. ¶ 31(a). The putative class period identified by Plaintiff captures more than 1,600 individuals, which is well beyond the 100 class member threshold required under CAFA. *See* Marks Decl. ¶¶ 8, 9.[2]

**C. Amount in Controversy Exceeds $5,000,000**

19. To confer subject-matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. *Id.* § 1332(d)(6). Economic damages, non-economic damages, general damages, and attorneys' fees are all included in determining the amount in controversy. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

20. A defendant seeking removal under CAFA must prove *by a preponderance of the evidence*, rather than to a legal certainty, that the amount in controversy exceeds $5,000,000, even when plaintiffs allege damages below that threshold. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013). A plaintiff's attempts to evade federal jurisdiction through pleading tactics

---

[2] Plaintiff also defines a "California Labor Sub-Class," consisting of the same employees in the California Class who worked in California during the three years prior to the filing of the Complaint through the present. Compl. ¶ 35. By Plaintiff's own estimation, even the putative sub-class is "so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable." Compl. ¶ 38.

and waivers that artificially limit the amount in controversy will be invalidated. *See, e.g.*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590-95 (2013); *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

21. Although Defendants deny Plaintiff's allegations and deny that the putative class is entitled to any relief from Defendants, in determining the amount in controversy the Court must assume the allegations in the Complaint are true. Further, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds [this] jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Defendants are permitted to make reasonable assumptions, follow "a reasonable chain of logic," and make reasonable calculations to plead that the amount in controversy exceeds the CAFA threshold. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) ("[D]efendants relied on a reasonable chain of logic and presented sufficient evidence to establish that the amount in controversy exceeds $5 million."). CAFA's amount-in-controversy requirement is satisfied under these pleading standards.

22. Notwithstanding Plaintiff's allegation that the amount in controversy is less than $5,000,000 (Compl. ¶¶ 4, 25, 35), as pled, the amount in controversy in this putative class action exceeds $5,000,000 in the aggregate, exclusive of interests and costs. The Complaint seeks: (1) all wages and sums allegedly unlawfully withheld from each employee and restitution for violation of section 17200 of the Business and Professions Code (Compl. ¶¶ 47, 48, Prayer for Relief ¶ 1(C), (D)); (2) payment of minimum wages and liquidated damages (Compl. ¶ 71, Prayer for Relief ¶ 2(B), (E)); (3) payment of overtime wages (Compl. ¶ 85, Prayer for Relief ¶ 2(B)); (4) one hour of additional pay, at each affected employee's regular rate of compensation, for each day that a meal period was not provided (Compl. ¶¶ 88, 89, Prayer for Relief ¶ 2(D)); (5) one hour of additional pay, at each affected employee's regular rate of pay, for any missed rest periods (Compl. ¶¶ 92, 93, Prayer for Relief ¶ 2(D)); (6) penalties in the amount of fifty dollars ($50.00), per employee, for the initial pay period in

which inaccurate wage statements were furnished, and one hundred dollars ($100.00), per employee, for each subsequent pay period in which inaccurate wage statements were furnished, in an amount not to exceed four thousand dollars ($4,000.00) per employee (Compl. ¶ 97, Prayer for Relief ¶ 2(C)); (7) all reimbursable expenses due (Compl. ¶ 101, Prayer for Relief ¶ 2(F)); (8) statutory waiting time penalties for final wages due (Compl. ¶ 108, Prayer for Relief ¶ 2(G)); (9) underpaid sick pay wages (Compl. ¶ 114, Prayer for Relief ¶ 2(G)); (10) all special and exemplary damages which were sustained as a result of Defendants' alleged discrimination and retaliation against Plaintiff for the exercise of rights guaranteed under the FEHA (Compl. ¶¶ 115-121, Prayer for Relief ¶ 3(A), (B)); (11) all special and exemplary damages which were sustained as a result of Defendants' alleged wrongful termination in violation of public policy against Plaintiff (Compl. ¶¶ 122-127, Prayer for Relief ¶ 3(A), (B)). The Complaint also seeks payment of prejudgment interest, attorneys' fees, and costs. Compl. ¶¶ 71, 85, 89, 93, 101, 108, 114, 120, Prayer for Relief ¶¶ 2(B), (F), 4(A), (C).[3]

24. Unpaid Overtime and Minimum Wages: **$3,675,000**. Plaintiff's second and third causes of action allege that Defendants failed to pay employees the base wage and applicable overtime premium. Compl. ¶ 71, 85, Prayer for Relief ¶ 2(B), (E), Prayer for Relief ¶ 1(C), (D). During the Class Period as defined by Plaintiff, more than 1,600 non-exempt employees worked for Blizzard in California. Marks Decl. ¶¶ 8, 9. Accounting for the 1,600 individuals who worked for Blizzard in

---

[3] Although Plaintiff's statutory Labor Code claims ordinarily would be subject to a three-year limitations period (*see, e.g.*, Cal. Code Civ. Proc. § 338(a)), Plaintiff's first cause of action alleges a derivative claim under California's Unfair Competition Law ("UCL"), which carries a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. Courts recognize that where a UCL claim is predicated on underlying Labor Code violations, the four-year limitations period extends the reach of the Labor Code claims for purposes of calculating potential exposure. *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 179 (2000) ("*Any* action on *any* UCL cause of action is subject to the four-year period of limitations created by that section.") (emphasis in original). Accordingly, for conservatism in assessing the amount in controversy, Defendants calculate exposure using a four-year lookback period to applicable Labor Code claims.

California between July 24, 2021, and August 4, 2025, results in more than 175,000 workweeks. *Id.* Plaintiff does not allege the exact amount of overtime and minimum wages due.

25. Using the *lowest* minimum wage rate for the *entire* period between July 24, 2021, and August, 4, 2025 ($14.00 per hour), and conservatively assuming each putative class member is owed only one hour per work week, Plaintiff has still put at issue $2,450,000 [175,000 total workweeks * 1 hour per workweek * $14.00/hour = $2,450,000].[4] Similarly, assuming the class is owed overtime premiums on top of the lowest minimum wage at even $7.00 per hour (i.e., $14.00 x 0.5), for just one hour per week, Plaintiff has put at issue an additional $1,225,000 [175,000 total workweeks * 1 hour per workweek *$7.00/hour = $1,225,000]. Thus, Plaintiff's claims for minimum wages and unpaid overtime have put at least $3,675,000 at issue.

26. Unpaid meal period premiums: **$2,450,000**. Plaintiff's fourth cause of action alleges that Defendants "failed to provide all the legally required off-duty meal breaks" and failed to provide meal period premiums, and are liable for "one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided." Compl. ¶¶ 87-89, Prayer for Relief ¶ 2(D). Plaintiff does not allege the frequency with which meal periods were not provided or were unlawful, or the frequency with which meal period premiums were not paid. However, taking the lowest wage for the period between July 24, 2021, and August 4, 2025 ($14.00 per hour), and assuming that each putative class member had one workday per workweek in which there was a meal period violation, Plaintiff has put at issue an additional $2,450,000 [175,000 total workweeks * 1 meal period violation per workweek * $14.00/hour = $2,450,000].

///

[4] On January 1, 2022, the minimum wage rose to $15.00 per hour. On January 1, 2023, the minimum wage rose to $15.50 per hour. On January 1, 2024, the minimum wage rose to $16.00 per hour. On January 1, 2025, the minimum wage rose to $16.50 per hour. *See* California Department of Industrial Relation's website, https://www.dir.ca.gov/dlse/faq_minimumwage.htm.

27. Unpaid rest period premiums: **$2,450,000**. Plaintiff's fifth cause of action alleges that Defendants did not provide proper rest periods and did not provide rest period premiums, and are liable for "one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided." Compl. ¶¶ 92, 93, Prayer for Relief ¶ 2(D). Plaintiff does not allege the frequency with which rest periods were not provided or the frequency with which rest period premiums were not paid. However, taking the lowest wage for the Class Period as defined by Plaintiff ($14.00 per hour), and conservatively assuming that each putative class member had one workday per workweek in which a rest period was not provided, Plaintiff has put at issue an additional $2,450,000 [175,000 total workweeks * 1 rest period violation per workweek * $14.00/hour = $2,450,000].

29. Waiting Time Penalties: **$2,318,400**. Plaintiff's eighth cause of action seeks waiting time penalties on behalf of putative class members who were employed by Defendants during the Class Period but are no longer employed by Defendants. Compl. ¶¶ 107-108. Pursuant to California Labor Code section 203, Plaintiff alleges these former employees are entitled to recover waiting time penalties of up to 30 days' pay. Defendants' employment records show that more than 690 putative class members left Blizzard's employment between July 24, 2022, and August 4, 2025. Marks Decl. ¶¶ 8, 10. Assuming each of these former employees are entitled to waiting time penalties for 30 days' pay, at the lowest applicable minimum wage rate during the Class Period ($14.00 per hour), Plaintiff has put at issue an additional $2,318,400 [690 former employees x $3,360 (30 days' pay * $112/day = $3,360) = $2,318,400].

30. Unpaid Sick Leave: **$448,000**. Plaintiff's ninth cause of action alleges that Defendants failed to pay sick leave at the "regular rate of pay," as required by California Labor Code sections 233 and 246, instead paying only the base hourly rate. Compl. ¶¶ 112–114, Prayer for Relief ¶ 2(G); Labor Code § 233(c) (provides that an employee denied proper sick pay is entitled to recover "the greater of one

day's pay or the actual damages suffered."). Plaintiff does not allege the frequency with which sick leave was taken. However, taking the lowest wage for the class period as defined by Plaintiff ($14.00 per hour), and conservatively assuming that just half of the 1,600 putative class members between July 24, 2021 and August, 4, 2025 (800) took sick leave a total of five times each, Plaintiff has put at issue an additional $448,000 [5 sick leave payments * 800 employees * 8 hours * $14.00/hour = $448,000].

31. Attorneys' Fees: Plaintiff has demanded attorneys' fees, which are recoverable under the statues on which he has sued. Compl. ¶¶ 19, 114, 120, Prayer for Relief ¶ 4(C). If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

32. In the Ninth Circuit, the attorneys' fee benchmark is twenty-five percent of a settlement or judgement in a class action. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Arreola v. Shamrock Foods Co.*, No. 19-cv-04123, 2021 WL 4220630, at *6 (C.D. Cal. Sept. 16, 2021) (acknowledging the 25% Ninth Circuit benchmark and granting plaintiff's request for attorneys' fees equaling 28.8% of the gross value fund in class action).

33. As demonstrated above, Plaintiff has put far more than $5,000,000 at issue in the Complaint. Including *only* his second, third, fourth, fifth, eighth, and ninth causes of action, Plaintiff's Complaint places at least $11,341,400 at issue. This number exceeds the threshold for CAFA removal without taking into account

Plaintiff's causes of action for alleged unfair competition, inaccurate wage statements, and unreimbursed business expenses, or an award of reasonable attorneys' fees. Utilizing the 25 percent 'benchmark' for an attorney fee award would put at issue an additional $2,835,350 in attorneys' fees ($11,341,400 * 25%), for a total of $14,176.750 at issue.

## V. <u>SUPPLEMENTAL JURISDICTION</u>

34. Pursuant to 28 U.S.C. sections 1367(a) and 1441(c), this Court has supplemental jurisdiction over Plaintiff's tenth and eleventh causes of action, which allege individual claims for Discrimination and Retaliation in violation of the FEHA and Wrongful Termination in violation of Public Policy. Compl. ¶¶ 115–127. Supplemental jurisdiction exists where the individual claims share a "common nucleus of operative fact" with the claims that provide the basis for federal jurisdiction. *See, e.g., United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that, absent unusual circumstances, where claims based on federal law have a "common nucleus of operative fact" with those alleged under state law, federal courts should exercise supplemental jurisdiction over the state law claims); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019) (citing *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1288 (9th Cir. 2013) that "supplemental jurisdiction [is] proper under 28 U.S.C. § 1367(a) where claims arise from a 'common nucleus of operative facts'"); *Sea-Land Serv., Inc. v. Lozen Int'l*, 285 F.3d 808, 814 (9th Cir. 2002) ("Because the federal and state counterclaims arise from the same transaction and rely on identical facts for their resolution, they 'form part of the same case or controversy under Article III' for the purposes of supplemental jurisdiction [under 28 U.S.C. section 1367(a)].").

35. Here, Plaintiff's individual claims arise from the same nucleus of operative facts (i.e., the same transactions or occurrences); namely, Plaintiff's employment with Defendants. Both sets of claims concern the terms and conditions of Plaintiff's employment with Defendants, the payment of wages and benefits, and

the circumstances surrounding Plaintiff's separation from employment. Because they are intertwined, Plaintiff's individual claims and the putative class claims form part of the same case or controversy, and removal of the entire action is proper.

## VI. NOTICE OF REMOVAL

36. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Santa Clara County Superior Court. Therefore, all procedural requirements under 28 U.S.C. section 1446 will be followed and satisfied.

37. Written notice of Defendants' Notice and Petition for Removal to the Northern District of California will be served on Plaintiff's counsel of record. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit G** (without exhibits because the Notice is the exhibit). In addition, a copy of this Notice of Removal and Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Alameda. A copy of the Notice to State Court of Removal of Action to Federal Court is attached to Defendants' Notice of Removal as **Exhibit H** (without exhibits because the notice is the exhibit).

///

///

///

///

///

///

///

///

///

## VII. CONCLUSION

38. Sufficient minimal diversity of citizenship exists inasmuch as at least one putative class member is a citizen of Oregon and Defendants are citizens of California. Furthermore, the putative class exceeds 100 members and the amount in controversy exceeds $5,000,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Defendants have properly removed this Action to this Court. Defendants reserve, and do not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the Action.

Dated: September 15, 2025 **FISHER & PHILLIPS LLP**

By:/s/ *Bret Martin*
Danielle H. Moore
Bret Martin
Jesse D. Borja
Attorneys for Defendants
BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION BLIZZARD, INC.

# EXHIBIT A

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Victoria B. Rivapalacio (State Bar #275115)
victoria@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**07/24/2025 at 05:40:19 PM**
By: Andrel Gospel,
Deputy Clerk

*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

JEROME BONOAN, an individual, on behalf of himself, and on behalf of all persons similarly situated,

Plaintiff,

vs.

BLIZZARD ENTERTAINMENT, INC., a Corporation; ACTIVISION BLIZZARD, INC., a Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 25CV133520

**CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200;
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
9. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL LAB CODE §§ 201-203, 233, 246;
10. DISCRIMINATION AND RETALIATION VIOLATION OF FEHA; and,
11. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.

**DEMAND FOR A JURY TRIAL**

Jerome Bonoan ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees allege on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following.

**THE PARTIES**

1. Blizzard Entertainment, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California. Activision Blizzard, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

2. Blizzard Entertainment, Inc. and Activision Blizzard, Inc. were the joint employers of PLAINTIFF as evidenced by paycheck, standardized company employment handbooks, by standardized policies and procedures, by the company PLAINTIFF performed work for respectively and by the California Secretary of State Business Information which includes but is not limited the same mailing and business addresses and same agent for service of process, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as ("DEFENDANT"). DEFENDANT is an American video game developer and publisher based in California.

3. PLAINTIFF was employed by DEFENDANT in California from November of 2010 to February 13, 2025. PLAINTIFF was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4. PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Blizzard Entertainment, Inc. and/or Activision Blizzard, Inc. in California, including any employees staffed with Blizzard Entertainment, Inc. and/or Activision Blizzard, Inc. by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate

claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5. PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believe, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and

the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

**THE CONDUCT**

8. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they are under DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to be PLAINTIFF's off-duty meal break. PLAINTIFF were from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break. DEFENDANT, as a matter of established company policy and procedure, administered a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9. State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

10. The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12. During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13. During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work

off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates. To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

14. From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15. DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246. Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration. Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

16. Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

17. DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

18. As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF are informed and believe and based thereon allege that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

19. Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members,

failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination. PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

20. DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

21. In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

22. Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage

Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

23. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

24. Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

25. PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Blizzard Entertainment, Inc. and/or Activision Blizzard, Inc. in California, including any employees staffed with

Blizzard Entertainment, Inc. and/or Activision Blizzard, Inc. by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

26. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

27. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

28. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, (the "UCL") as causation, damages, and reliance are not elements of this claim.

29. The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

30. DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a) Committing an act of unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b) Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

31. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, were classified as non-exempt employees paid on an hourly basis who were subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and

CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

32. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2) Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

33. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA

CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

34. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

35. PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by Blizzard Entertainment, Inc. and/or Activision Blizzard, Inc. in California, including any employees staffed with Blizzard Entertainment, Inc. and/or Activision Blizzard, Inc. by a third party, and classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

36. DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required

employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

37. DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

38. The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

39. Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a) Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b) Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c) Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e) Whether DEFENDANT's conduct was willful.

40. DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a) Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b) Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c) Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d) Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f) Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

41. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, were non-exempt employees paid on an hourly basis who were subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS

will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

42. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2) Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-

CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class

Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

43. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations

and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

44. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

45. DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

46. California Business & Professions Code §§ 17200, (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

47. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

48. By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

49. By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated

meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

50. By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

51. By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

52. Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

53. PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

54. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and

the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

55. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200.

56. PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

57. PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

58. PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

///

///

///

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

59. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

60. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

61. Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

62. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

63. DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

64. DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and

the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

65. In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

66. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

67. During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

68. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

69. DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice

and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

70. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

71. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///

///

///

///

///

**THIRD CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code § 510]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

72. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

73. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

74. Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

75. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

76. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

77. DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

78. In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

79. Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

80. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

81. DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

82. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

83. DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

84. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

85. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## <u>FOURTH CAUSE OF ACTION</u>

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

86. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

87. During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

88. DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

89. As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**<u>FIFTH CAUSE OF ACTION</u>**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

90. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

91. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

92. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

93. As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## <u>SIXTH CAUSE OF ACTION</u>

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

94. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

95. Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

96. From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph,

DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

97. DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

**SEVENTH CAUSE OF ACTION**

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

98. PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

99. Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of

> the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

100. At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT. Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones and home offices in order to perform work related job tasks. DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and home offices for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

101. PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

///

///

///

///

**EIGHTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

102. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

1. Cal. Lab. Code § 200 provides, in relevant part, that:

> As used in this article:
> (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
> (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

103. Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

104. Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

105. There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

106. Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid

or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

107. The employment of PLAINTIFF, and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law. Additionally, at all times during the term of PLAINTIFF's employment with DEFENDANT, PLAINTIFF, and CALIFORNIA LABOR SUB-CLASS Members earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members earned and accumulated is evidenced by DEFENDANT's business records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to PLAINTIFF, and other CALIFORNIA LABOR SUB-CLASS MEMBERS by failing to pay such wages at the regular rate of pay and more specifically the final rate of pay that included all non-discretionary incentive compensation. Rather than pay vacation wages at the regular rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's, and CALIFORNIA LABOR SUB-CLASS Members' non-discretionary incentive compensation into the vacation wage payment calculations. DEFENDANT failed to specify in DEFENDANT's written vacation policy the rate at which PLAINTIFF, and other CALIFORNIA LABOR CLASS Members would be paid vacation upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful practice, policy and procedure to deny paying PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS all of their vested vacation and holiday time, DEFENDANT failed to pay PLAINTIFF, and the members of the CALIFORNIA LABOR SUB-CLASS all vested vacation time as wages due upon employment termination, in violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly, DEFENDANT underpaid waiting time penalties to PLAINTIFF, and other CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of including all of

PLAINTIFF's, and the CALIFORNIA LABOR SUB-CLASS Members' non-discretionary compensation into the waiting time penalty calculations. This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for earned, accrued and vested vacation and holiday time, as well as the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of PLAINTIFF, and the members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT's uniform practice and policy of failing to pay the LABOR SUB-CLASS Members for all vested vacation and holiday time accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

108. Therefore, as provided by Cal Lab. Code § 203, on behalf of PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

**NINTH CAUSE OF ACTION**

**For Failure to Pay Sick Pay Wages**

**[ Cal. Lab. Code §§ 201-203, 233, 246]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

109. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

110. Cal Lab. Code § 233 provides that an employer must permit an employee to

use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement. Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5. Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

111. As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay. PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration. As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment. As a result, DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS.

112. Cal. Lab. Code § 246 specifically requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid no later than the payday for the next regular payroll period after accrued sick leave is used as paid sick time. Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an employee, wages earned and unpaid

at the time of discharge are due and payable immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72-hour notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. The Labor Code penalizes untimely payments. For example, Cal. Lab. Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days. Under Cal. Lab. Code §§ 203 and 218, employees may sue to recover applicable penalties.

113. As alleged herein and as a matter of policy and practice, DEFENDANT routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay wages. As a result, DEFENDANT violates Cal. Lab. Code §§ 201-203, 233, and 246, among other Labor Code provisions. PLAINTIFF are informed and believe that DEFENDANT was advised by skilled lawyers and knew, or should have known, of the mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable penalties.

114. Such a pattern, practice, and uniform administration of corporate policy is unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties, attorney's fees, and costs of suit.

**TENTH CAUSE OF ACTION**

**[Discrimination and Retaliation For the Exercise of Rights Guaranteed Under the FEHA, Participating in Protected Activities, and/or Opposing DEFENDANT's Failure to Provide Such Rights]**

**Violation of FEHA Government Section 12900, *et. seq.***

**(By PLAINTIFF Against All Defendants)**

115. PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

116. Throughout 2024 and early 2025, PLAINTIFF experienced health issues related to his sleep apnea diagnosis. PLAINTIFF, who had been working fully remote for DEFENDANT, was asked by DEFENDANT to start working a hybrid work schedule and to start coming into DEFENDANT's Irvine office location, even though DEFENDANT knew PLAINTIFF resided and worked for DEFENDANT in Alameda County over the past few years. In addition to the long commute by plane he would have to endure, there had been several outbreaks of COVID-19 at DEFENDANT's Irvine office, and PLAINTIFF had already been previously affected by COVID-19 and his current health condition made PLAINTIFF vulnerable to sicknesses such as COVID-19. As a result of the above, PLAINTIFF requested accommodation from DEFENDANT to stay working remote and/or to be assigned to a closer office than DEFENDANT's Irvine location in Orange County. DEFENDANT rejected PLAINTIFF's accommodation requests, even though PLAINTIFF was already working remote for years and had been employed with DEFENDANT since 2010 and possessed a stellar employment record with DEFENDANT. PLAINTIFF again requested and reported these issues in writing in January of 2025 to his managers and DEFENDANT's human resources employees including, but not limited to, Alyssa Mendoza, Thanh-Nha Brigle, Bryce Sturrock and Waqas Afzal. Subsequent to requesting the accommodations and reporting the above issues, DEFENDANT retaliated against PLAINTIFF and terminated his employment on February 13, 2025. PLAINTIFF was retaliated and discriminated against due to his medical condition and the fact he requested

workplace accommodations as described above. As a result of PLAINTIFF's good faith complaints and requests for accommodations, DEFENDANT fabricated performance and conduct issues about PLAINTIFF, denied PLAINTIFF employment opportunities, privileges, and wages under the Labor Code, and PLAINTIFF was plagued with ongoing work pressures, obligations, and mistreatment by his supervisors as a result of PLAINTIFF's willingness to raise formal complaints described herein and ultimately DEFENDANT wrongfully terminated PLAINTIFF's employment on February 13, 2025. Prior to filing this action PLAINTIFF exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and received a DFEH Right to Sue letter on July 7, 2025.

117. DEFENDANT's conduct, as alleged, violated FEHA, Government Code Section 12900, and DEFENDANT committed unlawful employment practices, including the following bases for liability:

a. Taking adverse employment actions against PLAINTIFF, including discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against PLAINTIFF, in whole or in part on the basis of PLAINTIFF's good faith reporting of illegal activity/medical condition and/or requesting workplace accommodations in violation of Government Code Section 12940(a);

b. Harassing PLAINTIFF and/or creating a hostile work environment, in whole or in part on the basis of PLAINTIFF's medical condition and/or requesting workplace accommodations;

c. Failing to take all reasonable steps to prevent discrimination and harassment based on medical condition and/or requesting workplace accommodations in violation of Government Code section 12940(k);

d. Retaliating against PLAINTIFF for seeking to exercise rights guaranteed under FEHA, participating in protected activities, and/or opposing DEFENDANT's failure to provide such rights, in violation of Government Code Section 12940(h).

118. As a proximate result of DEFENDANT's willful, knowing, and intentional discrimination against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits.

119. As a proximate result of DEFENDANT's willful, knowing, and intentional discrimination against PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to PLAINTIFF's damage in a sum according to proof.

120. PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code Section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

121. DEFENDANT's misconduct was committed intentionally, in a malicious, oppressive manner, and fraudulent manner entitling PLAINTIFF to punitive damages against DEFENDANT.

## ELEVENTH CAUSE OF ACTION

**For Wrongful Termination in Violation of Public Policy**

**(By PLAINTIFF Against All Defendants)**

122. PLAINTIFF realleges and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

123. Throughout 2024 and early 2025, PLAINTIFF experienced health issues related to his sleep apnea diagnosis. PLAINTIFF, who had been working fully remote for DEFENDANT, was asked by DEFENDANT to start working a hybrid work schedule and to start coming into DEFENDANT's Irvine office location, even though DEFENDANT knew PLAINTIFF resided and worked for DEFENDANT in Alameda County over the past few years. In addition to the long commute by plane he would have to endure, there had been several outbreaks of COVID-19 at DEFENDANT's Irvine office, and PLAINTIFF had already been previously affected by COVID-19 and his current health condition made

PLAINTIFF vulnerable to sicknesses such as COVID-19. As a result of the above, PLAINTIFF requested accommodation from DEFENDANT to stay working remote and/or to be assigned to a closer office than DEFENDANT's Irvine location in Orange County. DEFENDANT rejected PLAINTIFF's accommodation requests, even though PLAINTIFF was already working remote for years and had been employed with DEFENDANT since 2010 and possessed a stellar employment record with DEFENDANT. PLAINTIFF again requested and reported these issues in writing in January of 2025 to his managers and DEFENDANT's human resources employees including, but not limited to, Alyssa Mendoza, Thanh-Nha Brigle, Bryce Sturrock and Waqas Afzal. Subsequent to requesting the accommodations and reporting the above issues, DEFENDANT retaliated against PLAINTIFF and terminated his employment on February 13, 2025. PLAINTIFF was retaliated and discriminated against due to his medical condition and the fact he requested workplace accommodations as described above. As a result of PLAINTIFF's good faith complaints and requests for accommodations, DEFENDANT fabricated performance and conduct issues about PLAINTIFF, denied PLAINTIFF employment opportunities, privileges, and wages under the Labor Code, and PLAINTIFF was plagued with ongoing work pressures, obligations, and mistreatment by his supervisors as a result of PLAINTIFF's willingness to raise formal complaints described herein and ultimately DEFENDANT wrongfully terminated PLAINTIFF's employment on February 13, 2025.

124. Within the State of California there exists a substantial and fundamental public policy, set forth in the California Government Code §12900, which forbids harassment and retaliation for medical condition and/or requesting workplace accommodations for disabilities/medical conditions. Unlawful harassment includes the right to be free from unwanted, offensive harassment, and the right to protest such conduct without fear of retaliation or further harm. This public policy of the state is one that benefits the public at large and guarantees the rights of an employee to perform their work free from national origin and gender harassment, discrimination and retaliation.

125. The motivating reason(s) for PLAINTIFF's termination were retaliation for his medical condition and the fact he requested workplace accommodations as described above and PLAINTIFF's protests and/or resistance thereof. PLAINTIFF's discharge from PLAINTIFF's position of employment was in violation of the public policies of the State of California.

126. As a result of DEFENDANT's actions, PLAINTIFF has suffered substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.

127. In doing the acts herein alleged, DEFENDANT acted with malice and oppression, and with a conscious disregard of PLAINTIFF's rights, and PLAINTIFF is entitled to exemplary and punitive damages from DEFENDANT in an amount to be determined to punish DEFENDANT and to deter such wrongful conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF pray for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C) An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G) The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On behalf of the Tenth and Eleventh Causes of Action:

A) For all special damages which were sustained as a result of DEFENDANT's conduct, including, but not limited to, back pay, front pay, lost compensation and job benefits that PLAINTIFF would have received but for the retaliatory practices of DEFENDANT; and,

B) For all exemplary damages, according to proof, which were sustained as a result of DEFENDANT's conduct.

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) Such other and further relief as the Court deems just and equitable; and,

C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: July 24, 2025 BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: /s/ Nicholas De Blouw
Norman B. Blumenthal
Nicholas J. De Blouw

*Attorneys for Plaintiff*

**DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: July 24, 2025 BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: /s/ Nicholas De Blouw
Norman B. Blumenthal
Nicholas J. De Blouw

*Attorneys for Plaintiff*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
BLIZZARD ENTERTAINMENT, INC., a Corporation; ACTIVISION BLIZZARD, INC., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JEROME BONOAN, an individual, on behalf of himself, and on behalf of all persons similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
07/24/2025
Chad Finke, Executive Officer / Clerk of the Court
By: A. Gospel Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Alameda County Courthouse
1225 Fallon St., Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
25CV133520

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal (Bar # 68687) Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: 07/24/2025
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court
Clerk, by *(Secretario)* [signature], Deputy *(Adjunto)*
A. Gospel

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: ACTIVISION BLIZZARD, INC., a Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Norman B. Blumenthal (State Bar #68687)
Kyle R. Nordrehaug (State Bar #205975)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223 FAX NO.: (858) 551-1232
EMAIL ADDRESS: norm@bamlawca.com
ATTORNEY FOR *(Name):* Plaintiff Jerome Bonoan

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/24/2025 at 05:40:19 PM
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME: JEROME BONOAN v. BLIZZARD ENTERTAINMENT, INC., et al.

**CIVIL CASE COVER SHEET**
[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV133520
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* ELEVEN (11)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2025
Nicholas J. De Blouw
(TYPE OR PRINT NAME)
/s/ Nicholas De Blouw
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
07/24/2025
Chad Finke, Executive Officer / Clerk of the Court
By: A. Gospel Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
BLIZZARD ENTERTAINMENT, INC., a Corporation; ACTIVISION BLIZZARD, INC., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JEROME BONOAN, an individual, on behalf of himself, and on behalf of all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Alameda County Courthouse
1225 Fallon St., Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
25CV133520

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal (Bar # 68687) Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: 07/24/2025 Clerk, by A. Gospel, Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: BLIZZARD ENTERTAINMENT, INC., a Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Norman B. Blumenthal (State Bar #68687)
Kyle R. Nordrehaug (State Bar #205975)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223 FAX NO.: (858) 551-1232
EMAIL ADDRESS: norm@bamlawca.com
ATTORNEY FOR *(Name):* Plaintiff Jerome Bonoan

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/24/2025 at 05:40:19 PM
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME: JEROME BONOAN v. BLIZZARD ENTERTAINMENT, INC., et al.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV133520
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* ELEVEN (11)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2025
Nicholas J. De Blouw
(TYPE OR PRINT NAME)

/s/ Nicholas De Blouw
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| | |
|---|---|
| **Short Title:** JEROME BONOAN v. BLIZZARD ENTERTAINMENT, INC., et al. | **Case Number:** |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [X] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs |
| | | **Is the deft. in possession of the property? [ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 07/24/2025 Chad Finke, Executive Officer/Clerk of the Court By: Deputy A. Gospel |
| PLAINTIFF: Jerome Bonoan | |
| DEFENDANT: Blizzard Entertainment, Inc., a Corporation et al | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: 25CV133520 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| Date: 11/24/2025 | Time: 2:30 PM | Dept.: 21 |
|---|---|---|
| Location: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | FILED<br>Superior Court of California<br>County of Alameda<br>07/24/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>Jerome Bonoan | |
| DEFENDANT/RESPONDENT:<br>Blizzard Entertainment, Inc., a Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV133520 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Norman Blumenthal
BLUMENTHAL NORDREHAUG & BHOWMIK, LLP
2255 CALLE CLARA
LA JOLLA, CA 92037

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/30/2025

By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;
- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
- Agree to ADR at your Initial Case Management Conference.

QUESTIONS? Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.
  - Court Mediation Program: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377 Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035 Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100 Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP<br>Victoria B. Rivapalacio (State Bar #275115)<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO: (858) 551-1232 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: victoria@bamlawca.com<br>ATTORNEY FOR *(Name)*: Plaintiff | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Alameda<br>08/22/2025 at 02:46:35 PM<br>By: Nia Douglas,<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda<br>STREET ADDRESS: 1221 Oak Street 3rd and 4th floors<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Oakland Administration Building | |
| PLAINTIFF / PETITIONER: JEROME BONOAN, et al.<br>DEFENDANT / RESPONDENT: BLIZZARD ENTERTAINMENT, INC., et al. | CASE NUMBER:<br>25CV133520 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>13930408 (26063028) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Civil Case Cover Sheet Addendum, Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   ACTIVISION BLIZZARD, INC., a Corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CSC Lawyers Incorporating Service - Rebecca Vang - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Dr Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Aug 14 2025 (2) at *(time)*: 01:30 PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*: ACTIVISION BLIZZARD, INC., a Corporation
   under the following Code of Civil Procedure section:
   - ☒ 416.10 (corporation)
   - ☐ 416.20 (defunct corporation)
   - ☐ 416.30 (joint stock company/association)
   - ☐ 416.40 (association or partnership)
   - ☐ 416.50 (public entity)
   - ☐ other:
   - ☐ 415.95 (business organization, form unknown)
   - ☐ 416.60 (minor)
   - ☐ 416.70 (ward or conservatee)
   - ☐ 416.90 (authorized person)
   - ☐ 415.46 (occupant)

7. **Person who served papers**
   a. Name: Brandon Ortiz
   b. Address: 1400 North McDowell Blvd Suite 300, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $60.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 2012-037
   (iii) County: Sacramento

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: August 15, 2025

Brandon Ortiz

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

# EXHIBIT C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP<br>Victoria B. Rivapalacio (State Bar #275115)<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO: (858) 551-1232 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: victoria@bamlawca.com<br>ATTORNEY FOR *(Name)*: Plaintiff | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Alameda<br>08/22/2025 at 02:44:38 PM<br>By: Nia Douglas,<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda<br>STREET ADDRESS: 1221 Oak Street 3rd and 4th floors<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Oakland Administration Building | |
| PLAINTIFF / PETITIONER: JEROME BONOAN, et al.<br>DEFENDANT / RESPONDENT: BLIZZARD ENTERTAINMENT, INC., et al. | CASE NUMBER:<br>25CV133520 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>13930407 (26063027) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Civil Case Cover Sheet Addendum, Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   BLIZZARD ENTERTAINMENT, INC., a Corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CSC Lawyers Incorporating Service - Rebecca Vang - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Dr Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Aug 14 2025 (2) at *(time)*: 01:30 PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: JEROME BONOAN, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BLIZZARD ENTERTAINMENT, INC., et al. | 25CV133520 |

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section)*:

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: BLIZZARD ENTERTAINMENT, INC., a Corporation
   under the following Code of Civil Procedure section:

   [X] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] other:
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

7. **Person who served papers**
   a. Name: Brandon Ortiz
   b. Address: 1400 North McDowell Blvd Suite 300, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $60.00
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [X] a registered California process server:
   (i) [ ] owner [ ] employee [X] independent contractor
   (ii) Registration No: 2012-037
   (iii) County: Sacramento

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: August 15, 2025

Brandon Ortiz

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

# EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse, Department 21

JUDICIAL OFFICER: HONORABLE SOMNATH RAJ CHATTERJEE

Courtroom Clerk: Simka Albert CSR: None

**25CV133520** August 28, 2025
2:30 PM

**BONOAN**
**vs**
**BLIZZARD ENTERTAINMENT, INC., A CORPORATION, et al.**

**MINUTES**

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

**COMPLEX CASE FEES**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson

Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

**PROCEDURES**

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

**SERVICE OF THIS ORDER**

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

**Plaintiff must file a motion for class certification prior to the July 27, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline**

The Initial Case Management Conference scheduled for 11/24/2025 at 2:30pm in Department 21 at the Rene C. Davidson Courthouse is MAINTAINED.

The parties are Ordered to file a joint updated case management conference statement on pleading paper at least 7 days before the next case management conference.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Judicial: Non-Appearance Case Review re: Deadline on Motion for Class Certification is scheduled for 07/27/2026 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By: S. Albert, Deputy Clerk

Minutes of: 08/28/2025
Entered on: 08/28/2025

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| Jerome Bonoan<br>Plaintiff/Petitioner(s)<br>vs.<br>Blizzard Entertainment, Inc., a Corporation et al<br>Defendant/Respondent (s) | No. 25CV133520<br><br>Date: 08/28/2025<br>Time: 2:30 PM<br>Dept: 21<br>Judge: Somnath Raj Chatterjee<br><br>ORDER re: Complex Determination Hearing |

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

**COMPLEX CASE FEES**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section

70617.)

**PROCEDURES**

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

**SERVICE OF THIS ORDER**

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

**Plaintiff must file a motion for class certification prior to the July 27, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline**

The Initial Case Management Conference scheduled for 11/24/2025 at 2:30pm in Department 21 at the Rene C. Davidson Courthouse is MAINTAINED.

The parties are Ordered to file a joint updated case management conference statement on pleading paper at least 7 days before the next case management conference.

Judicial: Non-Appearance Case Review re: Deadline on Motion for Class Certification is scheduled for 07/27/2026 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

Rene C. Davidson Courthouse

Dated : 08/28/2025



Somnath Raj Chatterjee / Judge

# EXHIBIT F

Danielle H. Moore (SBN 232480)
E-Mail: dmoore@fisherphillips.com
Bret Martin (SBN 304658)
E-Mail: bmartin@fisherphillips.com
Jesse D. Borja (SBN 333872)
E-Mail: jdborja@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendants
BLIZZARD ENTERTAINMENT, INC. AND
ACTIVISION BLIZZARD, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

JEROME BONOAN, an individual, on behalf of himself, and on behalf of all persons similarly situated,

Plaintiff,

v.

BLIZZARD ENTERTAINMENT, INC., a Corporation; ACTIVISION BLIZZARD, INC., a Corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 25CV133520
*UNLIMITED JURISDICTION*

*Assigned for all purposes to the Honorable Somnath Raj Chatterjee, Dept. 21*

**DEFENDANTS BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION BLIZZARD, INC.'S ANSWER AND DEFENSES OR AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Complaint Filed: July 24, 2025
Trial Date: None Set

Defendants BLIZZARD ENTERTAINMENT, INC. and ACTIVISION BLIZZARD, INC. (collectively, "Defendants") respond to Plaintiff JEROME BONOAN's ("Plaintiff") unverified Complaint as follows:

**ANSWER**

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation in the Complaint. Defendants further deny, generally and specifically, that Plaintiff and/or any putative class members he purports to represent have suffered

any injury or been damaged in any sum whatsoever by reason of any act or omission on the part of Defendants, or any of their past or present agents, representatives, or employees.

**DEFENSES OR AFFIRMATIVE DEFENSES**

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses and affirmative defenses asserted herein are based on Defendants' knowledge, information and belief at this time, and Defendants specifically reserve the right to modify, amend or supplement any defense or affirmative defense contained herein at any time. Without conceding that they bear the burden of proof or persuasion as to any one of these, Defendants allege the following defenses and affirmative defenses to the Complaint:

**FIRST DEFENSE OR AFFIRMATIVE DEFENSE**

1. Plaintiff's Complaint fails to state facts sufficient to constitute valid claims against Defendants upon which relief can be granted.

**SECOND DEFENSE OR AFFIRMATIVE DEFENSE**

2. Plaintiff's Complaint is barred, in whole or in part, because a substantial portion of the putative class members Plaintiff seeks to represent entered into valid and enforceable arbitration agreements that include class action waivers. Accordingly, class certification is precluded, and Defendants expressly reserve the right to oppose class certification on this basis.

**THIRD DEFENSE OR AFFIRMATIVE DEFENSE**

3. Plaintiff's claims are subject to binding, contractual arbitration agreements. Defendants expressly reserve the right to bring a motion to compel the Complaint, and/or the claims the Plaintiff asserted in the Complaint, to binding arbitration pursuant to the arbitration agreement executed by Plaintiff. Accordingly, Defendants' right to compel arbitration is hereby reserved.

**FOURTH DEFENSE OR AFFIRMATIVE DEFENSE**

4. Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1, 338, 340, 343, California Business & Profession Code section 17208, California Government Code sections 12960 and 12965, and any other applicable state or federal laws.

///

**FIFTH DEFENSE OR AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy the jurisdictional and/or statutory prerequisites for the causes of action, and/or has failed to exhaust all administrative remedies and/or failed to timely exhaust those remedies as required by law including, but not limited to, those provided by California Government Code sections 12960–12965.

**SIXTH DEFENSE OR AFFIRMATIVE DEFENSE**

6. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code section 2922.

**SEVENTH DEFENSE OR AFFIRMATIVE DEFENSE**

7. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff consented to and/or acquiesced in the alleged conduct by Defendants of which Plaintiff now complains.

**EIGHTH DEFENSE OR AFFIRMATIVE DEFENSE**

8. Plaintiff's Complaint is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 *et seq.*

**NINTH DEFENSE OR AFFIRMATIVE DEFENSE**

9. If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

**TENTH DEFENSE OR AFFIRMATIVE DEFENSE**

10. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and laches because Plaintiff, and any putative class member he seeks to represent, are guilty of undue delay in filing and prosecuting this suit and Defendants neither knew nor had reason to know of the alleged acts and omissions complained of in this case. Furthermore, certain putative class members that Plaintiff seeks to represent may be estopped from bringing claims for California Labor Code violations because they voluntarily waived meal periods or rest breaks.

**ELEVENTH DEFENSE OR AFFIRMATIVE DEFENSE**

11. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands. Plaintiff, and any putative class member he seeks to represent, through their actions and representations,

led Defendants to believe they were properly paid and received all wages to which they were legally entitled.

**TWELFTH DEFENSE OR AFFIRMATIVE DEFENSE**

12. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel because Plaintiff is bound by prior determinations made by any person or authority with competent jurisdiction.

**THIRTEENTH DEFENSE OR AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

**FOURTEENTH DEFENSE OR AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot satisfy the requirements for a representative action, including manageability.

**FIFTEENTH DEFENSE OR AFFIRMATIVE DEFENSE**

15. Plaintiff, and any putative class member he seeks to represent, are barred from recovering penalties from Defendants for any alleged failure to pay wages because there is a good faith dispute about whether any amounts are owed, and if any amounts are owed, what amounts are owed based on the applicable law or facts.

**SIXTEENTH DEFENSE OR AFFIRMATIVE DEFENSE**

16. Plaintiff's Complaint is barred, in whole or in part, to the extent any putative class member Plaintiff seeks to represent has executed a severance agreement, settlement agreement, or other agreement containing a valid release of the claims asserted in this action. By virtue of such agreements, those individuals have waived or released the claims they now seek to pursue, and therefore cannot recover against Defendants in this action.

**SEVENTEENTH DEFENSE OR AFFIRMATIVE DEFENSE**

17. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff, and any putative class member he seeks to represent, were paid all wages due to them on a timely basis.

**EIGHTEENTH DEFENSE OR AFFIRMATIVE DEFENSE**

18. Plaintiff's claims pursuant to California Labor Code section 226 *et seq.* are barred to the extent that Plaintiff, and any putative class member that he seeks to represent, suffered no injury.

**NINETEENTH DEFENSE OR AFFIRMATIVE DEFENSE**

19. Plaintiff's claims for waiting time penalties pursuant to Labor Code section 203 are barred because Defendants did not willfully withhold wages over which there was no good faith dispute and, in fact, acted at all times with the good faith belief that Plaintiff, and any putative class member he seeks to represent, were compensated as required by law.

**TWENTIETH DEFENSE OR AFFIRMATIVE DEFENSE**

20. Plaintiff's Complaint is barred, in whole or in part, because at all times Defendants were acting in good faith and had reasonable grounds for believing that their method of compensating Plaintiff, and any putative class member he seeks to represent, was lawful.

**TWENTY-FIRST DEFENSE OR AFFIRMATIVE DEFENSE**

21. Plaintiff and the putative class's claims that they were unlawfully denied a right to meal periods is barred to the extent that they were "provided" meal periods within the meaning of Sections 226.7 and 512 of the Labor Code, or as required by the applicable Industrial Welfare Commission Wage Order.

**TWENTY-SECOND DEFENSE OR AFFIRMATIVE DEFENSE**

22. Plaintiff and the putative class's claims that they were unlawfully denied their right to rest periods is barred to the extent that they were "authorized and permitted" to take a rest period within the meaning of Sections 226.7 and 512 of the Labor Code, or as required by the applicable Industrial Welfare Commission Wage Order.

**TWENTY-THIRD DEFENSE OR AFFIRMATIVE DEFENSE**

23. Plaintiff and the putative class's claims as to Labor Code § 226 are barred, in whole or in part, because Defendants allege that any failure to provide wage statements compliant with Labor Code § 226 was not willful and Defendants made every effort to comply with the regulation in good faith, and as such Defendants have not willfully failed to comply with the California Labor Code.

**TWENTY-FOURTH DEFENSE OR AFFIRMATIVE DEFENSE**

24. Plaintiff's underlying claim for failure to reimburse necessary business expenses is barred because Defendants had no knowledge, actual or constructive, of any unreimbursed business expense allegedly incurred by Plaintiff and any putative class member he seeks to represent.

**TWENTY-FIFTH DEFENSE OR AFFIRMATIVE DEFENSE**

25. Plaintiff's underlying claim for failure to reimburse necessary business expenses is barred because the expenses for which Plaintiff seeks reimbursement were not incurred as a direct consequence of the discharge of the employment duties of Plaintiff and any putative class member he seeks to represent. Rather, such expenses, if any, were incurred due to intervening causes, personal choices, or external factors not directly related to Plaintiff and the putative class's job responsibilities or Defendants' instructions.

**TWENTY-SIXTH DEFENSE OR AFFIRMATIVE DEFENSE**

26. Plaintiff's underlying claim for failure to reimburse necessary business expenses is barred because the expenses for which Plaintiff seeks reimbursement were not necessary or reasonable expenditures within the meaning of California Labor Code section 2802.

**TWENTY-SEVENTH DEFENSE OR AFFIRMATIVE DEFENSE**

27. Defendants provided itemized statements to Plaintiff, and any putative class member he seeks to represent, and all information required to be set forth in the statements was included.

**TWENTY-EIGHTH DEFENSE OR AFFIRMATIVE DEFENSE**

28. Plaintiff's Complaint is barred, in whole or in part, because the alleged acts of which Plaintiff complains were based on reasonable factors other than race, color, national origin, ancestry, sex, religion, creed, gender, marital status, age, sexual orientation, physical and/or mental disability, medical condition, or any other prohibited factor.

**TWENTY-NINTH DEFENSE OR AFFIRMATIVE DEFENSE**

29. Plaintiff's Complaint is barred, in whole or in part, because even if there was discrimination against Plaintiff (which Defendants deny), Plaintiff would have been terminated anyway.

**THIRTIETH DEFENSE OR AFFIRMATIVE DEFENSE**

30. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff failed to cooperate in the process of reasonable accommodation and the interactive process.

///

///

///

**THIRTY-FIRST DEFENSE OR AFFIRMATIVE DEFENSE**

31. Plaintiff's Complaint is barred, in whole or in part, because any reasonable accommodation that Defendants could have provided to Plaintiff that would have enabled Plaintiff to perform Plaintiff's essential functions and duties would have resulted in an undue hardship to Defendants.

**THIRTY-SECOND DEFENSE OR AFFIRMATIVE DEFENSE**

32. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff, with or without reasonable accommodation, is and was unable to perform Plaintiff's essential functions or duties without endangering Plaintiff's health or safety or the health or safety of others.

**THIRTY-THIRD DEFENSE OR AFFIRMATIVE DEFENSE**

33. Plaintiff's Complaint is barred, in whole or in part, because certain potential accommodations were not readily achievable, feasible, and/or would result in an undue burden on Defendants.

**THIRTY-FOURTH DEFENSE OR AFFIRMATIVE DEFENSE**

34. Plaintiff's Complaint is barred, in whole or in part, because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiff's employment and create an abusive work environment.

**THIRTY-FIFTH DEFENSE OR AFFIRMATIVE DEFENSE**

35. Plaintiff's Complaint is barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any allegedly harassing behavior.

**THIRTY-SIXTH DEFENSE OR AFFIRMATIVE DEFENSE**

36. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's reasonable use of Defendants' procedures to prevent and/or correct the allegedly harassing behavior would have prevented all or some of the alleged harm he claims to have suffered.

**THIRTY-SEVENTH DEFENSE OR AFFIRMATIVE DEFENSE**

37. Plaintiff's Complaint is barred, in whole or in part, because there existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendants of which Plaintiff complains.

///

**THIRTY-EIGHTH DEFENSE OR AFFIRMATIVE DEFENSE**

38. Plaintiff's Complaint is barred, in whole or in part, because to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

**THIRTY-NINTH DEFENSE OR AFFIRMATIVE DEFENSE**

39. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff because Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate damages bars or reduces any claims, losses, or damages.

**FORTIETH DEFENSE OR AFFIRMATIVE DEFENSE**

40. Some or all of the purported causes of action in Plaintiff's Complaint are subject to setoff, offset, and/or recoupment.

**FORTY-FIRST DEFENSE OR AFFIRMATIVE DEFENSE**

41. Plaintiff's prayer for civil penalties is barred because such damages, if any, were not the result of acts, representations or omissions of Defendants.

**FORTY-SECOND DEFENSE OR AFFIRMATIVE DEFENSE**

42. Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

**FORTY-THIRD DEFENSE OR AFFIRMATIVE DEFENSE**

43. Plaintiff's request for equitable relief is barred and/or improper to the extent that Plaintiff has an adequate remedy at law in that Plaintiff also requests monetary damages, interest and an award of attorneys' fees and costs.

**FORTY-FOURTH DEFENSE OR AFFIRMATIVE DEFENSE**

44. The Complaint, and each and every purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendants.

///

///

**FORTY-FIFTH DEFENSE OR AFFIRMATIVE DEFENSE**

45. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants that would support an award of punitive damages.

**FORTY-SIXTH DEFENSE OR AFFIRMATIVE DEFENSE**

46. Plaintiff is not entitled to recover punitive or exemplary damages from Defendants on the grounds that any award of punitive or exemplary damages would violate Defendants' constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**RIGHT TO AMEND DEFENSES OR AFFIRMATIVE DEFENSES**

Because the Complaint is couched in broad and conclusory terms, and Defendants have not completed their investigation and discovery regarding the facts and claims asserted by Plaintiff, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

**PRAYER FOR RELIEF**

**WHEREFORE**, these answering Defendants pray as follows:

1. That Plaintiff take nothing by his Complaint for damages;
2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;
3. That Defendants recover their costs of suit herein, including their reasonable attorneys' fees; and
4. That the Court award such other and further relief as it deems appropriate.

Dated: September 15, 2025

**FISHER & PHILLIPS LLP**

By: ______________________

Danielle H. Moore
Bret Martin
Jesse D. Borja
Attorneys for Defendants
BLIZZARD ENTERTAINMENT, INC. AND
ACTIVISION BLIZZARD, INC.

**PROOF OF SERVICE**
**(Code Civ. Proc., §§ 1013, 1013a, 2015.5.)**

I, the undersigned, am over the age of 18 years and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On September 15, 2025, I served the following document(s) **DEFENDANTS BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION BLIZZARD, INC.'S ANSWER AND DEFENSES OR AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on the person(s) listed below as follows:

| | |
|---|---|
| Norman B. Blumenthal (SBN 068687)<br>Kyle R. Nordrehaug (SBN 205975)<br>Aparajit Bhowmik (SBN 248066)<br>Nicholas J. De Blouw (SBN 280922)<br>Victoria B. Rivapalacio (SBN 275115)<br>**BLUMENTHAL NORDREHAUG**<br>**BHOWMIK DE BLOUW LLP**<br>2255 Calle Clara<br>La Jolla, CA 92037 | Phone: (858) 551-1223<br>Fax: (858) 551-1232<br>Email: norm@bamlawca.com<br>kyle@bamlawca.com<br>aj@bamlawlj.com<br>DeBlouw@bamlawca.com<br>victoria@bamlawca.com<br><br>*Attorneys for Plaintiff, Jerome Bonoan* |

| | |
|---|---|
| ☒ | **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego, California, in a sealed envelope with postage fully prepaid. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 15, 2025, at San Diego, California.

Jazmine Baez
Jazmine Baez

# EXHIBIT G

Danielle H. Moore (SBN 232480)
E-Mail: dmoore@fisherphillips.com
Bret Martin (SBN 304658)
E-Mail: bmartin@fisherphillips.com
Jesse D. Borja (SBN 333872)
E-Mail: jdborja@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendants
BLIZZARD ENTERTAINMENT, INC. and
ACTIVISION BLIZZARD, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

JEROME BONOAN, an individual, on behalf of himself, and on behalf of all persons similarly situated,

Plaintiff,

v.

BLIZZARD ENTERTAINMENT, INC., a Corporation; ACTIVISION BLIZZARD, INC., a Corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 25CV133520
*UNLIMITED JURISDICTION*

*Assigned for all purposes to the Honorable Somnath Raj Chatterjee, Dept. 21*

**DEFENDANTS BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION BLIZZARD, INC.'S NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Complaint Filed: July 24, 2025
Trial Date: None Set

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 15, 2025, Defendants BLIZZARD ENTERTAINMENT, INC. and ACTIVISION BLIZZARD, INC. ("Defendants"), by and through their undersigned counsel, filed a Notice and Petition for Removal ("Notice") pursuant to 28 U.S.C. sections 1332, 1441 and 1446, removing the above-captioned action to the United States District Court for the Northern District of California. Attached hereto as **Exhibit A** is a copy of the Notice and Petition for Removal that was filed in the United States District Court for the Northern District of California.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446, the filing of the Notice and Petition for Removal in the United States District Court effectuates the removal of this action. Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.

Dated: September 15, 2025 **FISHER & PHILLIPS LLP**

By: ______________________

Danielle H. Moore
Bret Martin
Jesse D. Borja
Attorneys for Defendants
BLIZZARD ENTERTAINMENT, INC. AND
ACTIVISION BLIZZARD, INC.

# EXHIBIT H

Danielle H. Moore (SBN 232480)
E-Mail: dmoore@fisherphillips.com
Bret Martin (SBN 304658)
E-Mail: bmartin@fisherphillips.com
Jesse D. Borja (SBN 333872)
E-Mail: jdborja@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendants
BLIZZARD ENTERTAINMENT, INC. and
ACTIVISION BLIZZARD, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

JEROME BONOAN, an individual, on behalf of himself, and on behalf of all persons similarly situated,

Plaintiff,

v.

BLIZZARD ENTERTAINMENT, INC., a Corporation; ACTIVISION BLIZZARD, INC., a Corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 25CV133520
*UNLIMITED JURISDICTION*

*Assigned for all purposes to the Honorable Somnath Raj Chatterjee, Dept. 21*

**DEFENDANTS BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION BLIZZARD, INC.'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT**

Complaint Filed: July 24, 2025
Trial Date: None Set

**TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF ALAMEDA:**

**PLEASE TAKE NOTICE** that on September 15, 2025, Defendants BLIZZARD ENTERTAINMENT, INC. and ACTIVISION BLIZZARD, INC. ("Defendants"), by and through their undersigned counsel, filed a Notice and Petition for Removal ("Notice") pursuant to 28 U.S.C. sections 1332, 1441 and 1446, removing the above-captioned action to the United States District Court for the Northern District of California. Attached hereto as **Exhibit A** is a copy of the Notice and Petition for Removal that was filed in the United States District Court for the Northern District of California.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446, the filing of the Notice and Petition for Removal in the United States District Court effectuates the removal of this action. Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.

Dated: September 15, 2025

**FISHER & PHILLIPS LLP**

By: ______________________

Danielle H. Moore
Bret Martin
Jesse D. Borja
Attorneys for Defendants
BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION BLIZZARD, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On September 15, 2025, I served the following document entitled **DEFENDANTS BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION BLIZZARD, INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Norman B. Blumenthal (SBN 068687)<br>Kyle R. Nordrehaug (SBN 205975)<br>Aparajit Bhowmik (SBN 248066)<br>Nicholas J. De Blouw (SBN 280922)<br>Victoria B. Rivapalacio (SBN 275115)<br>**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**<br>2255 Calle Clara<br>La Jolla, CA 92037 | Phone: (858) 551-1223<br>Fax: (858) 551-1232<br>Email: norm@bamlawca.com<br>kyle@bamlawca.com<br>aj@bamlawlj.com<br>DeBlouw@bamlawca.com<br>victoria@bamlawca.com<br>*Attorneys for Plaintiff, Jerome Bonoan* |

☒ **[by MAIL]** – I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice the enclosed document(s) will be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

I declare that I am employed in the office of a member of the State of California at whose direction the service was made.

Executed on September 15, 2025, at San Diego, California.

*Jazmine Baez*
Jazmine Baez